IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLEY JAMES HUGHES, JR.,

    Petitioner,

    v.                                          CASE NO. 20-3300-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

    Respondent.

## ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court provisionally grants Petitioner leave to proceed *in forma pauperis*. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

Petitioner was convicted of battery against a law enforcement officer and his conviction was affirmed by the Kansas Court of Appeals on August 9, 2013. *State v. Hughes*, 305 P.3d 47 (Table), 2013 WL 4046452 (Kan. Ct. App. Aug. 9, 2013), *rev. denied* June 17, 2014. The Kansas Supreme Court denied review on June 17, 2014. On October 3, 2014, Petitioner filed a motion under K.S.A. 60-1507 in state court, which was dismissed on January 21, 2015.

Petitioner filed the instant § 2254 petition in this Court on December 1, 2020. Plaintiff claims that a month before he was to be released on September 15, 2017, he received a sheet showing his new sentence. He claims this was newly discovered evidence and before receiving it he believed he would be released on September 15, 2017. He alleges he is serving an illegal sentence.

1

Petitioner also alleges that the state court lacked jurisdiction in his criminal case because he has "just learned of his position as public minister" "for the Emperial Washitaw De Dugdahmoundyah Nation of Muurs." (Doc. 1, at 8–9.) Thus, he alleges, he was supposed to go before the Washitaw Courts and he was "unaware of his Constitutional rights as a Public Minister." *Id*. at 11.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir.

2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

> The statute also contains a tolling provision:
>
>> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> 28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S.

631, 651 (2010).  However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner argues that his Petition is timely filed because of newly discovered evidence. (Doc. 1, at 13.)  Section 2244(d)(1)(D) provides that the one-year statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Even if the Court were to consider the sheet reflecting his new sentence as newly discovered evidence, Petitioner received the sheet in August of 2017.  The instant Petition was filed on December 1, 2020, more than a year after the alleged discovery of new evidence.

Petitioner's claim that the state court lacked jurisdiction in his criminal case because he recently became aware that he is a public minister for the "Emperial Washitaw De Dugdahmoundyah Nation of Muurs," is legally frivolous.  *See U.S. v. Gunwall*, 156 F.3d 1245 (Table), 1998 WL 482787, at *3 (10th Cir. 1998) (unpublished) ("Mr. Gunwall claims to be a member of a sovereignty known as "Washitaw de Dugdahmoundyah" over which the government has no jurisdiction. The pleadings are frivolous and any failure to rule on them was harmless."); *see also Sanders-Bey v. U.S.*, 267 F. App'x 464, 466 (7th Cir. 2008) ("The

Washitaw Nation, however, is not recognized by the United States Government."); *Bey v. Louisiana*, Civil Action No. 08-cv-0250, 2008 WL 4072747, at *1 (W.D. La. 2008) ("The court is not aware of any law or treaty of the United States, from which this court derives its jurisdiction, that recognizes the Washitaw or grants this court any authority to declare the Washitaw's citizens or the location of its capital."); *Wilson v. Art Van Furniture,* 230 F.3d 1358 (Table), 2000 WL 1434690, at *1 (6th Cir. 2000) (national origin discrimination plaintiff "presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire.")

In another decision, in which the plaintiff claimed that his vehicle registration and driver's license were issued by the Nation of Washitaw, the court characterized the Nation (claimed to consist of the territory of the United States except the thirteen original colonies and Texas) as "fictional." *Bybee v. City of Paducah,* 46 F. App'x 735, 736, 2002 WL 1869407 (6th Cir. 2002); *see also Profit v. City of Shaker Heights*, Case No. 1:18CV1223, 2019 WL 315092, at *4 (N.D. Ohio Jan. 23, 2019) (finding plaintiff's claims, resting upon his assertions that he was not subject to the laws and jurisdiction of Ohio because of his membership in the Washitaw Nation and international laws and treaties, frivolous and subject to summary dismissal).

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court directs Petitioner to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED THAT** the Court provisionally grants Petitioner leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **January 7, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District

5

Judge, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED**.

**Dated December 11, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**
